UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ARTHUR BERKOVITZ,

                                        **Civil Action No.:**

                 Plaintiff,

                                          <u>**COMPLAINT**</u>

      -against-                                *Jury Trial is Demanded*


CITY OF NEW YORK, SERGEANT KEVON
SAMPLE (Tax Registry No. 935679) in his
individual and official capacities, POLICE
OFFICER CARLUCE (Tax Registry No. 956993)
in his individual and official capacities,
LIEUTENANT JOHN DOE (NYPD Highway
Patrol) in his individual and official capacities,
POLICE OFFICER CHRISTOPHER KINGSLEY
(NYPD Highway Patrol) in his individual and
official capacities, and POLICE OFFICER JOHN
DOE (NYPD Highway Patrol) in his individual and
official capacities,

                 Defendants.

-----------------------------------------------------------------------X

      PLAINTIFF, ARTHUR BERKOVITZ, by and through his attorney, Jacob Z.

Weinstein, Esq., providing upon information and belief, the following Verified Complaint

and state and allege as follows:

<u>**PRELIMINARY STATEMENT**</u>

    1.     This is a civil action seeking monetary relief, a declaratory judgment,

compensatory and punitive damages, disbursements, costs and fees for violations of the

Plaintiff's rights, abuse of process, assault, battery, and gross negligence, brought pursuant

to 42 U.S.C. § 1983.

2.      Specifically, the Plaintiff alleges that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive him of his Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the United States Constitution, Federal law and laws of the State of New York.

3.      Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully and under color of law harassed, physically assaulted, and used excessive force against Plaintiff.

4.      Plaintiff alleges that the Defendants (collectively and individually) used unlawful excessive force against plaintiff and abused the power and rights given to Defendants (collectively and individually) in their capacities as members of the New York City Police Department.

5.      Defendants (collectively and individually) were grossly negligent and/or intentionally and recklessly breached their duties of care and duties to intervene with respect to the interactions with and treatment of Plaintiff as described herein.

6.      Plaintiff further alleges that Defendants (collectively and individually) were negligent in training, hiring, and supervising its Police Officers, employees, representatives, and/or agents. Further, Plaintiff alleges that Defendants (collectively and individually) were deliberately indifferent to the need to train its Officers. Accordingly, Defendants are liable to the Plaintiff for abuse of process, use of excessive force, for conspiring to condone and encourage such civil rights violations and for maliciously failing to investigate and punish the actions of the individual Defendants.

7.      As a result of the Defendants' actions (collectively and individually), Plaintiff suffered a violation of his constitutionally protected rights; physical pain and suffering; and was caused to undergo medical treatment for physical injuries that he sustained at the hands of the Defendants as a result of said violations.

## JURISDICTION AND VENUE

8.      This action is being brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

9.      The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

10.     This court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

11.     Venue in the Southern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in The City of New York, New York County.

12.     A Notice of Claim was deemed served *nunc pro tunc* and so ordered by New York State Supreme Court Justice Lynn R. Kotler, on August 29, 2016, upon motion application from Plaintiff.  A New York General Municipal Law § 50-h hearing was held on January 28, 2017.

## PARTIES

13.     Plaintiff, ARTHUR BERKOVITZ (hereinafter "PLAINTIFF" or "MR. BERKOVITZ") is a forty-seven (47) year old male who currently resides in New Rochelle, New York.  MR. BERKOVITZ is hearing impaired.

14.     Upon information and belief, the defendant CITY OF NEW YORK (hereinafter "NEW YORK CITY" or "DEFENDANT" or "DEFENDANT CITY") is a duly constituted

3

municipal corporation of the State of New York.  Upon information and belief, NEW YORK CITY formed and has direct authority over several different departments including the New York City Police Department.  The aforementioned department and/or employees, agents, or representatives of these departments are directly involved in violations that are at issue in this complaint.

15.    Upon information and belief, Defendant SERGEANT KEVON SAMPLE (Tax Registry No. 935679) (hereinafter "SAMPLE" or "DEFENDANT SAMPLE"), is employed by the CITY OF NEW YORK under the direction of the New York City Police Department.  Upon further information and belief, DEFENDANT SAMPLE holds the rank of Sergeant within the New York City Police Department and is assigned to the 40th Precinct, located in the Bronx.

16.    Upon information and belief, Defendant POLICE OFFICER CARLUCE (Tax Registry No. 956993) (hereinafter "CARLUCE" or "DEFENDANT CARLUCE") is employed by the NEW YORK CITY under the direction of the New York City Police Department.  Upon further information and belief, DEFENDANT CARLUCE holds the rank of Police Officer within the New York City Police Department's 25th Precinct. PLAINTIFF does not know the first name or shield number of DEFENDANT CARLUCE.

17.    Upon information and belief, Defendant LIEUTENANT JOHN DOE (hereinafter "LIEUTENANT DOE") is employed by the NEW YORK CITY under the direction of the New York City Police Department.  Upon further information and belief, DEFENDANT LIEUTENANT holds the rank of Lieutenant within the New York City Police Department's 25th Precinct. PLAINTIFF does not know the name or tax identification number of LIEUTENANT DOE.

4

18.     Upon information and belief, Defendant POLICE OFFICER CHRISTOPHER KINGSLEY (hereinafter "KINGSLEY") is a police officer employed by NEW YORK CITY and under the direction of the New York City Police Department.  PLAINTIFF does not know KINGSLEY's shield or tax identifications numbers.

19.     Upon information and belief, Defendant JOHN DOE (hereinafter "OFFICER DOE") is a police officer employed by NEW YORK CITY under the direction of the New York City Police Department.  PLAINTIFF does not know the name, shield number or tax identification number of OFFICER DOE

20.     Upon further information and belief, DEFENDANTS KINGSLEY AND OFFICER DOE respectively hold the ranks of Police Officer within the New York City Police Department's Highway Patrol Unit.

21.     Defendants SAMPLE, CARLUCE, KINGSLEY, LIEUTENANT DOE and OFFICER DOE are hereinafter collectively referred to as the INDIVIDUAL DEFENDANTS.

22.     The INDIVIDUAL DEFENDANTS and DEFENDANT CITY are hereinafter collectively referred to as the DEFENDANTS.

23.     The INDIVIDUAL DEFENDANTS are being sued in their individual and official capacities.

24.     At all relevant times herein, INDIVIDUAL DEFENDANTS were acting under color of New York State and Federal law.

## FACTUAL ALLEGATIONS

25.     Upon information and belief, the DEFENDANTS (individually and collectively) used excessive force against MR. BERKOVITZ in violation of his Constitutional rights secured under the Constitutions of the United States and the State of New York.

26.     On March 28, 2016, at or about 9:15 PM, MR. BERKOVITZ was traveling, via his personal vehicle, southbound on the Harlem River Drive.  MR. BERKOVITZ was observing all relevant and applicable traffic rules and laws. As MR. BERKOVITZ was driving, a non-police vehicle, believing to be a personal vehicle, approached from behind at a high rate of speed.

27.     Upon information and belief, DEFENDANT SAMPLE was operating said personal vehicle.  DEFENDANT SAMPLE, traveling at an excessive speed and tailgating MR. BERKOVITZ, began to flash his headlights at MR. BERKOVITZ.

28.     Upon making this observation and fearing for his safety, MR. BERKOVITZ put his blinker on and appropriately changed lanes, to allow DEFENDANT SAMPLE to pass.  However, DEFENDANT SAMPLE did not pass, but rather lowered his window and began to scream and throw what appeared to be plastic bottles and other items at MR. BERKOVITZ's vehicle.

29.     Upon observing this erratic and unreasonable behavior by DEFENDANT SAMPLE, MR. BERKOVITZ accelerated and called 911.  As MR. BERKOVITZ was on the phone with 911, DEFENDANT SAMPLE continued to tailgate and throw items at MR. BERKOVITZ's vehicle.  At no time did DEFENDANT SAMPLE identify himself as a police officer or request that MR. BERKOVITZ pull over.

30.     In fear of his wellbeing, MR. BERKOVITZ, now on the Franklin Delano Roosevelt Drive, exited the highway and ended up at or about 49th street and 1st Avenue, hoping that DEFENDANT SAMPLE would continue on his way and leave MR. BERKOVITZ alone. However, DEFENDANT SAMPLE exited in close proximity to MR. BERKOVITZ.  In fear for his life, MR. BERKOVITZ observed what appeared to be a marked New York City Police Department vehicle, containing KINGSLEY and OFFICER DOE.

31.     Upon observing the police vehicle, MR. BERKOVITZ, still on the phone with 911, lowered his window and attempted to gain the attention of KINGSLEY and OFFICER DOE. MR. BERKOVITZ exited his vehicle and informed KINGSLEY and OFFICER DOE that he was being chased by an individual who was driving recklessly and that he was on the phone with 911.

32.     As MR. BERKOVITZ was engaged in conversation with KINGSLEY and OFFICER DOE, he was tackled by DEFENDANT SAMPLE. DEFENDANT SAMPLE punched and grappled with MR. BERKOVITZ, resulting in MR. BERKOVITZ being thrown to the ground and caused to suffer injury to his right arm.

33.     KINGSLEY and OFFICER DOE started to intervene, however DEFENDANT SAMPLE took out his Sergeant's Shield and announced that he was a New York City Police Department Sergeant.   KINGSLEY and OFFICER DOE manhandled and unlawfully tightly placed MR. BERKOVITZ in handcuffs and placed him on the curb, further injuring his arm.

34.     KINGSLEY and OFFICER DOE did not restrict the freedom of DEFENDANT SAMPLE or attempt to properly investigate the matter.  DEFENDANT LIEUTENANT

was called to the location and spoke with KINGSLEY and OFFICER DOE, and SAMPLE. DEFENDANT LIEUTENANT did **not** speak with MR. BERKOVITZ. DEFENDANTS unlawfully kept MR. BERKOVITZ restrained, refusing to allow him to leave or inquiring if he needed any medical attention after being assaulted by DEFENDANTS SAMPLE, KINGSLEY and OFFICER DOE.

35.     MR. BERKOVITZ stated multiple times that the handcuffs were too tight and and that he was in pain, however this was ignored by the INDIVIDUAL DEFENDANTS.

36.     DEFENDANT CARLUCE arrived on scene.

37.     Upon information and belief, CARLUCE was called to the location because the officers at the location, including DEFENDANTS LIEUTENANT, KINGSLEY, OFFICER DOE and SAMPLE, wished to save face but knew that MR. BERKOVITZ did not do anything wrong.

38.     DEFENDANT CARLUCE informed MR. BERKOVITZ that he was going to issue a complaint with the charge of Vehicle and Traffic Law Section 1212, an unclassified misdemeanor for reckless driving.  DEFENDANT CARLUCE expressed his knowledge that such a complaint would be inappropriate as DEFENDANT CARLUCE did not personally observe any traffic infraction or violation.   However, DEFENDANT CARLUCE made it clear to MR. BERKOVITZ that he was writing the complaint upon direction from his superiors and fellow officers.

39.     Upon the issuance of the complaint, MR. BERKOVITZ then was allowed to leave the location.

40.    MR. BERKOVITZ suffered and continues to suffer serious pain and injury as a result of being assaulted by DEFENDANTS SAMPLE, KINGSLEY AND OFFICER DOE.

41.    MR. BERKOVITZ has had to seek subsequent medical attention due to the above described conduct.

42.    MR. BERKOVITZ lost wages and had to find another job, as his job required him to lift heavy items.

43.    Due to MR. BERKOVITZ's injury, he is unable to lift heavy items and has had regular and consistent pain.

44.    The above-mentioned complaint was issued to be returnable May 31, 2016.  The complaint was docketed under docket 2016SN021792.  MR. BERKOVITZ paid for a defense attorney to fight the above-mentioned complaint.

45.    Upon information and belief, on or about June 24, 2016, the complaint was dismissed upon the appearance of DEFENDANT CARLUCE whereas DEFENDANT CARLUCE stated that he did not have direct knowledge of the occurrence and did not observe any wrongdoing by PLAINTIFF BERKOVITZ.

46.    NEW YORK CITY acting grossly negligently, wantonly, knowingly, and intentionally allowed through a lack of oversight, procedure, and training for the INDIVIDUAL DEFENDANT to be on patrol and active in the community.

47.    NEW YORK CITY is aware of multiple complaints having been filed against DEFENDANT SAMPLE.

48.    Such malicious prosecution, gross negligence, abuse of process, police brutality, assault and battery resulting in physical damages, and embarrassment all of which resulted directly

from the actions of the DEFENDANTS' use of force and abuse of criminal process against the MR. BERKOVITZ.

## AS AND FOR A FIRST COUNT,
## 42 U.S.C. § 1983

49.     MR. BERKOVITZ repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.     Under color of law, the DEFENDANTS, their agents, employees and servants deprived the MR. BERKOVITZ of his Fourth, Fifth, Sixth and Fourteenth Amendment rights to protection from unlawful seizure in the form of unreasonable and excessive force, Equal Protection and Due Process.

51.     MR. BERKOVITZ's due process was further violated when the INDIVIDUAL DEFENDANTS not only stood by, but encouraged CARCLUCE to issue a false and wrongful criminal complaint, charging MR. BERKOVITZ with V.T.L. § 1212 (reckless driving), an unclassified Misdemeanor, punishable with up to one-year in jail.

52.     Any one of the INDIVIDUAL DEFENDANTS could have prevented a continuation of the wrongs already propagated upon MR. BERKOVITZ.

53.     The INDIVIDUAL DEFENDANTS allowed for and encouraged the abuse of process on PLAINTIFF BERKOVITZ.

54.     The INDIVIDUAL DEFENDANTS further participated in the abuse of process by trying to cover-up the physical and emotional abuse that occurred to MR. BERKOVITZ at the hands and feet of DEFENDANTS SAMPLE, KINGSLEY AND OFFICER DOE.

55.     At no point did the INDIVIDUAL DEFENDANTS come forward or try to correct the wrongs and civil rights abuses that MR. BERKOVITZ was subject to.

56.     At no point did the INDIVIDUAL DEFENDANTS follow their sworn duty to protect the public from police abuse.

57.     As a consequence of the DEFENDANTS, collectively and individually, unconstitutional actions, grossly negligent behavior, and violation of State and Federal laws, MR.  BERKOVITZ was deprived of his freedom; was subject to great mental, physical and emotional harm; was made to suffer pain and continues suffering; and was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of DEFENDANTS, their agents, employees, and servants.

58.     The wrongful accusations of reckless driving brought against MR. BERKOVITZ were false and were an attempt to cover up the excessive force and abuse of process used by DEFENDANTS as well as the deliberate indifference to MR. BERKOVITZ protected civil rights.

59.     The DEFENDANTS, their agents, employees and servants acted under color of law to deny MR. BERKOVITZ his constitutional rights to due process and freedom from unlawful seizures in the form of excessive force and false imprisonment, by wrongfully charging MR. BERKOVITZ with reckless driving, without any probable cause for the chase and subsequent assault and detention.

60.     Without any reasonable or rational basis for this conduct, the rights secured to MR. BERKOVITZ by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were violated.

61.     Due to the above actions and unlawful conduct, MR. BERKOVITZ has suffered significant physical and emotional harm.

62.     The by reason of the foregoing, MR. BERKOVITZ has been damaged

## AND AS FOR A SECOND COUNT
### 42 U.S.C. § 1983
### Municipal Liability

63.     PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64.     In actively inflicting and failing to prevent the above state abuses incurred upon MR. BERKOVITZ of abuse of process, false imprisonment, police brutality, disregard to proper training of police officers, assault, battery, and gross negligence; the DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of MR. BERKOVITZ against illegal seizure in the form of excessive force, physical abuse, detained custody and other due process violations.

65.     Said civil and constitutional rights are guaranteed to MR BERKOVITZ by 42 U.S.C. §§ 1983, 1985, and by the Fourth, Fifth, Sixth, and Fourteenth Amendment of the United States Constitution.

66.     NEW YORK CITY exhibited gross negligence and deliberate indifference to MR. BERKOVITZ by allowing the INDIVIDUAL DEFENDANTS to patrol the streets

67.     This gross negligence directly resulted in the appalling wrongs done unto MR. BERKOVITZ by the INDIVIDUAL DEFENDANTS.

68.     Further, abuse of process continued by NEW YORK CITY for their refusal to properly investigate or take action on the charges of abuse and gross negligence against the DEFENDANTS (collectively and individually).

69.     Such abuse of process was continued by the DEFENDANTS, their agents, servants, and employees in their refusal to adequately investigate, review and take action regarding the abuse and unlawful actions that INDIVIDUAL DEFENDANTS perpetrated on MR. BERKOVITZ.

70.     Both before and after March 28, 2016, NEW YORK CITY has permitted, tolerated, and encouraged a pattern and practice of unjustified, unreasonable, and illegal abuses and arrest of persons by police officers of NEW YORK CITY and the wrongful detention of such persons.

71.     Although such police conduct was improper, said incidents were covered up by NEW YORK CITY, its agents, employees and servants by official claims that's the officers' gross negligence, excessive force and abuse of process were justified and proper, or by leveling false charges against the persons who were victims of said gross negligence, excessive force and abuse of process, so as to insulate the offending police officers and other officials from prosecution and liability.

72.     Said charges and official claims have been fully backed by NEW YORK CITY, which has repeatedly and unreasonably sided with the abuse of persons so affected in far to many cases, despite vast evidence of wrongdoing by its police officers against individuals, including MR. BERKOVITZ herein.

73.     Additionally, NEW YORK CITY has systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

74.     Upon information and belief, specific systemic flaws in the NEW YORK CITY misconduct review process include, but are not limited to, the following:

    i.   Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers' actions regardless of whether such actions are justified;

    ii.  Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the unwarranted incidents;

    iii. Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

    iv.  Supervisory police officers exonerate offending police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

    v.   NEW YORK CITY and its police department hastily accepts the police officers' reports as provided regarding abuses and civil rights infringements, despite evidence to suggest that the police reports are inaccurate, untruthful and meant to conceal blatant police misconduct.

75.     Said cover-up by the NEW YORK CITY, was executed in this case where NEW YORK CITY, its agents, employees and servants failed to sufficiently investigate the truthfulness and accuracy of police officers' statements and instead acted under color of statue to knowingly, recklessly and/or negligently impose false charges upon MR. BERKOVITZ.

76.     By permitting and assisting such a pattern of police misconduct, NEW YORK CITY, acted under color of custom and policy to condone, encourage and promote the deprivation of MR. BERKOVITZ'S Fourth, Fifth, and Fourteenth Amendment rights.

14

77.     The actions, of DEFENDANTS SAMPLE, KINGSLEY AND OFFICER DOE in inflicting physical and verbal abuse and injury unto MR. BERKOVITZ was a direct result of NEW YORK CITY's failure to train and supervise the INDIVIDUAL DEFENDANTS, who were each acting under color of law and pursuant to the objectives of NEW YORK CITY.

78.     NEW YORK CITY should have known that such failures and gross negligence would cause the precise physical, emotional, and civil rights injuries suffered herein in by MR. BERKOVITZ.

79.     As a direct consequence of the NEW YORK CITY's systemic practice, pattern, and custom of intentionally or recklessly promoting and supporting officers' and officials violations of 42 U.S.C. § 1983, MR. BERKOVITZ was deprived of his freedom and subject to extensive physical and emotional harm.

80.     As a proximate cause of NEW YORK CITY, its agents, and employees, supporting and effectively promoting the very same police abuses which occurred against MR. BERKOVITZ, MR. BERKOVITZ was subjected to great fear, personal humiliation and degradation, with wanton disregard for the harm and damage done to the physical and emotional wellbeing of the MR. BERKOVITZ.

81.     That by reason of the foregoing, MR. BERKOVITZ has been damaged.

## AS AND FOR THE THIRD CAUSE OF ACTION:
### MALICIOUS PROSECUTION

82.     The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 81 of this Complaint with the same force and effect as though fully set forth herein.

83.     The INDIVIDUAL DEFENDANTS lacked reasonable suspicion to stop and detain MR. BERKOVITZ.

84.     Further, they lacked and probable cause to arrest MR. BERKOVITZ; retain MR. BERKOVITZ; and/or cause MR. BERKOVITZ to be detained and prosecuted.

85.     Without such probable cause, DEFENDANTS SAMPLE, KINGSLEY AND OFFICER DOE wrongfully used physical force to arrest and detain MR. BERKOVITZ and/or cause MR. BERKOVITZ to be detained through the use of physical force.

86.     The subsequent malicious prosecution of MR. BERKOVITZ, following his wrongful arrest, was conducted by NEW YORK CITY with knowledge that MR. BERKOVITZ Was wrongfully stopped, falsely detained, assaulted, battered, and wrongfully arrested.

87.     Such malicious prosecution was committed by Collective DEFENDANTS under color of law, customs, and statutes of the State of New York.

88.     Under color of law, the DEFENDANTS deprived MR. BERKOVITZ of his rights to protection from unlawful search and seizure by falsely charging him criminally and prosecuting MR. BERKOVITZ pursuant to such criminal statutes, for which there is no evidence or substantiation of any kind to support the allegations.

89.     The accusations of wrongful actions leveled against MR. BERKOVITZ were false and were an attempt by the DEFENDANTS, acting individually and collectively, to cover up the false arrest and abuse of process which has been inflicted by DEFENDANTS upon MR. BERKOVITZ.

16

90.     DEFENDANTS collectively and individually initiated the prosecution of MR. BERKOVITZ and/or caused the initiation of said prosecution based upon their affirmative bad-faith actions outlined above.

91.     As a consequence of DEFENDANTS', collective and individual, wrongful actions, gross negligence, and violations of New York State law MR. BERKOVITZ was deprived of his freedom, was made to suffer physical and emotional injuries, was caused to suffer special damages, including legal fees and medical costs; was subject to great fear, terror, personal humiliation and degradation.

92.     That by reason of the foregoing, MR. BERKOVITZ has been damaged.

## AS AND FOR THE FOURTH CAUSE OF ACTION: ABUSE OF PROCESS

93.     The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 92 of this Complaint with the same force and effect as though fully set forth herein.

94.     DEFENDANTS, intentionally, recklessly, and maliciously filed and/or caused to be field, a false, inaccurate, and/or misleading criminal complaint to MR. BERKOVITZ.

95.     The criminal complaint was made by the aforementioned DEFENDANTS with knowledge that the criminal complaint was untruthful.

96.     The false criminal complaint lodged by DEFENDANTS was brought forth with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

97.     DEFENDANTS abused the criminal process for the sole purpose/motive to cover up their own illegal actions.

98.     DEFENDANTS, with knowledge of the inaccuracy and/or falsity of said criminal complaint made by DEFENDANTS without any investigation and/or rudimentary query, based upon facts existing at all time relevant to the Complaint; intentionally, recklessly and maliciously caused to be filed said false, inaccurate, and/or misleading criminal complaint against MR. BERKOVITZ.

99.     Said criminal complaint was made by the aforementioned DEFENDANTS without any actual research and investigation into the veracity and/or truthfulness of said complaint.

100.    The subsequent malicious prosecution of MR. BERKOVITZ was done by DEFENDANTS with the knowledge that such acts contained therein were false, misleading and/or otherwise inaccurate.

101.    DEFENDANTS were motivated to committee these wrongs by self-serving ideas of self-preservation to insulate themselves from liability after subjecting MR. BERKOVITZ to multiple violations of his civil rights.

102.    DEFENDANTS clear intention was to falsely arrest, falsely prosecute and to cause harm to MR. BERKOVITZ without proper motive, excuse, or justification of any kind.

103.    DEFENDANTS use of the criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of MR. BERKOVITZ solely for a purpose that was/is outside the legitimate ends of the criminal process; the cover-up of clear police misconduct.

104.    As a direct consequence of the DEFENDANTS', collective and individual, wrongful actions, grossly negligent behavior, violation of state and federal laws, MR.

BERKOVITZ was deprived of his freedom, subject to false criminal arrest, subject to malicious prosecution, made to suffer great personal physical injuries, made to suffer financial/monetary injuries, subjected to great fear, terror, personal humiliation and degradation, and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the DEFENDANTS.

105.    That by reason of the foregoing, MR. BERKOVITZ has been damaged.

**AS AND FOR THE FIFTH CAUSE OF ACTION:**
**GROSS NEGLIGENCE**

106.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 105 of this Complaint with the same force and effect as though fully set forth herein.

107.    The INDIVIDUAL DEFENDANTS, each of them in their individual and official capacities had a duty under New York State's Constitution and the Constitution of the United States to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious prosecution and false charging and other wrongful acts that were committed against MR. BERKOVITZ.

108.    The INDIVIDUAL DEFENDANTS, each of them in their individual and official capacities, and NEW YORK CITY, have a duty to conduct proper investigations with regard to all criminal complaints to assure that such criminal complaints are accurate and truthful. DEFENDANTS are required to undergo any and all investigative procedures reasonably available to make sure persons, like MR. BERKOVITZ, are not falsely/wrongfully arrested and charged.

109.    DEFENDANTS have a duty to arrest and prosecute individuals only when there is probable cause to effect and arrest and/or subject a person to said prosecution.

110.    DEFENDANTS failed with respect to all of the above mentioned duties owed to MR. BERKOVITZ.

111.    As a direct proximate cause DEFENDANTS' failures, MR. BERKOVITZ was caused to suffer great harm, including but not limited to, battery, assault, physical injury, mental anguish, emotional pain and suffering, legal costs and fees, false arrest, criminal prosecution, confinement, and other injuries/damages all of which were foreseeable and reasonably foreseeable by DEFENDANTS.

112.    MR. BERKVOITZ would not have been cause to suffer any of the above mentioned injuries but for DEFENDANTS breach of duties and failures.

113.    In actively inflicting and failing to prevent the above stated abuses incurred by MR. BERKOVITZ, DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of MR. BERKOVITZ against illegal search and seizure, physical abuse, detained custody and arrest without other due process violations.

114.    Said rights are guaranteed to MR. BERKOVITZ by the New York State Constitution and the United States Constitution.

115.    The breach of duty under the New York State Constitution by the INDIVIDUAL DEFENDANTS was a direct and proximate cause of the harm suffered by MR. BERKOVITZ. Said harm include, pain and suffering, personal humiliation, and emotional and psychological damage.

116.    By reason of the foregoing, MR. BERKOVITZ has been damaged.

## AS AND FOR THE SIXTH CAUSE OF ACTION:
## VICARIOUS LIABILITY

117.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 116 of this Complaint with the same force and effect as though fully set forth herein.

118.    All of the above-mentioned improper actions taken by the INDIVIDUAL DEFENDANTS were committed while they were acting in furtherance of NEW YORK CITY official business.

119.    All of the above mentioned improper actions taken by the INDIVIDUAL DEFENDANTS were committed while acting within the scope of their authority and assigned duties as employees, agent, and officer for NEW YORK CITY.

120.    NEW YORK CITY knew and/or should have known that said improper activity and blatant violations of MR. BERKOVITZ's constitutionally secured rights were taking place by its employees while acting within the scope of their assigned duties.

121.    The INDIVIDUAL DEFENDANTS effected a summary arrest on MR. BERKOVITZ with no probable cause.

122.    The INDIVIDUAL DEFENDANTS filed and/or caused to be filed, false/perjured statements pertaining to the arrest of MR. BERKOVITZ.

123.    The above stated willful, reckless, negligent action taken by the INDIVIDUAL DEFENDANTS against MR. BERKOVITZ, while acting within the scope of their authority was foreseeable and/or should have been reasonably anticipated by NEW YORK CITY.

124.    NEW YORK CITY is responsible and/or liable to MR. BERKOVITZ for each and every above-described acts committed by the INDIVIDUAL DEFENDANTS while

acting within the scope of their authority as employee's, agents, and law enforcements officers for THE CITY OF NEW YORK.

125.     As a direct result of DEFENDANTS grossly negligent acts, MR. BERKOVITZ suffered and is entitled to damage sustained to date.

**AS AND FOR THE SEVENTH CAUSE OF ACTION:**
**BATTERY**
**(Excessive Force)**

126.     The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 125 of this Complaint with the same force and effect as though fully set forth herein.

127.     When a Police Officer is seeking to make a lawful arrest or when already having another person lawfully in custody there is a right to use a reasonable amount of force in order to detain such a person.  However, if there is no lawful arrest, and/or no force was necessary then the force used is excessive.

128.     At no point did the INDIVIDUAL DEFENDANTS had probable cause to make a lawful arrest.

129.     There was no point where physical force was warranted for DEFENDANTS SAMPLE, KINGSLEY and OFFICER DOE to use against MR. BERKOVITZ.

130.     The force that was used by DEFENDANTS SAMPLE, KINGSLEY and OFFICER DOE against MR. BERKOVITZ was not reasonable but rather excessive force.

131.     After having already detained MR. BERKOVITZ there was no reason, cause, or justification to continue any force at all.

132.     MR. BERKOVITZ was taken unlawfully into custody by the INDIVIDUAL DEFENDANTS.

133.     DEFENDANTS SAMPLE, KINGSLEY and OFFICER DOE use of force was unreasonable, unwarranted and excessive.

134.     DEFENDANT SAMPLE intentionally attacked MR. BERKOVITZ without provocation or invitation with intent to harm and batter him.

135.     As a direct result of DENDANTS SAMPLE, KINGSLEY and OFFICER DOE use of excessive force, MR. BERKOVITZ suffered extensive physical injuries and emotional distress and has been damaged.

**AS AND FOR THE EIGHTH CAUSE OF ACTION:**
**ASSAULT**
**(Excessive Force)**

136.     The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 135 of this Complaint with the same force and effect as though fully set forth herein.

137.     When a person intentionally causes apprehension of immediate harm and/or offensive contact to another with the real and present ability to commit the harm, an assault has been committed.

138.     There was no reason or cause for DEFENDANT SAMPLE to approach MR. BERKOVITZ.

139.     DEFENDANT SAMPLE intentionally sought to bring apprehension of immediate harm and/or offensive contact to MR. BERKOVITZ when DEFENDANT SAMPLE gave chase and aggressively followed MR. BERKOVITZ.

140.     DEFENDANT SAMPLE assaulted MR. BERKOVITZ when he approached MR. BERKOVITZ in a menacing and aggressive manner.

141.    As a direct result of DEFENDANT SAMPLE's assault, MR. BERKOVITZ suffered extensive emotional distress and sever apprehension of impending physical and offensive touching and has been damaged.

### AS AND FOR THE NINTH CAUSE OF ACTION: ### FALSE ARREST AND FALSE IMPRISONMENT

142.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 141 of this Complaint with the same force and effect as though fully set forth herein.

143.    For an arrest to stand there must be reasonable cause to believe that a crime has been committed.

144.    False imprisonment is present when one intentionally takes the freedom of movement away from another without cause or justification.

145.    There was no reasonable cause present when the DEFENDANTS SAMPLE, KINGSLEY and DOE falsely arrested MR. BERKOVITZ in violation of his Fourth Amendment right to be free from unreasonable seizures.

146.    There was no crime being committed when DEFENDANTS SAMPLE, KINGSLEY and DOE arrested MR. BERKOVITZ.

147.    INDIVIDUAL DEFENDANTS falsely arrested MR. BERKOVITZ in order to cover-up their own police misconduct of attacking MR. BERKOVITZ without cause, reason or justification.

148.    DEFENDANTS SAMPLE, KINGSLEY and DOE intentionally restrained MR. BERKOVITZ by handcuffing him and restricting his movement.

149.    MR. BERKOVITZ was at a loss of his freedom because of the unjustified restraints that DEFENDANTS SAMPLE, KINGSLEY and DOE placed on him.

24

150.   As a direct result of DEFENDANTS SAMPLE, KINGSLEY and DOE false arrest and false imprisonment of MR. BERKOVITZ, MR. BERKOVITZ suffered extensive emotional distress and has been damaged.

## PUNITIVE DAMAGES

151.   The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 151 of this Complaint with the same force and effect as though fully set forth herein.

152.   The acts of the DEFENDANTS were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm MR. BERKOVITZ, without regard for MR. BERKOVITZ's wellbeing, and were based on a lack of concern and ill-will towards MR. BERKOVITZ. Such acts therefore deserve an award of punitive damages.

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS:

a.   Special and Compensatory Damages;

b.   Punitive Damages;

c.   Award costs of this action including attorney's fees to the PLAINTIFF; and

d.   An order granting such other legal and equitable relief as the court deems just and proper.

## <u>A JURY TRIAL IS HEREBY DEMANDED</u>.

Pursuant to Fed. R. Civ. P. 38, MR. BERKOVITZ hereby requests a trial by jury for all issues so triable.

Dated: May 8, 2017
    New York, New York

         Respectfully Submitted,

        **The Law Office of
        Jacob Z. Weinstein, PLLC**
        *Attorney for Plaintiff*

By: _____/s_____
   **JACOB Z. WEINSTEIN, ESQ.** (JW6133)
   545 FIFTH AVENUE
   SUITE 840
   NEW YORK, NY 10017
   TELEPHONE: (646) 450-3484
   FACSIMILE: (646) 774-0368
   E-MAIL:
   JZW@JZWEINSTEINLAW.COM

26